UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PROGRESSIVE SERVICES, LLC,

Chapter 11
Case No.:

**Expedited Hearing Requested**

**Estimated Time for Hearing: 15
Minutes**

Debtor.

_____/

### EMERGENCY MOTION TO USE CASH COLLATERAL AND
### REQUEST FOR EMERGENCY PRELIMINARY HEARING

Debtor, Progressive Services, LLC, by and through its proposed undersigned counsel, pursuant to 11 U.S.C. §§ 361 and 363(c)(2)(B) and Federal Rules of Bankruptcy Procedure 4001 and 9014, hereby moves the Court for an order authorizing the use of cash collateral in the form attached hereto as **Exhibit A** and requests an emergency preliminary hearing on the relief sought herein, and in support states as follows:

<u>Preliminary Statement – Certificate of Need for Emergency Relief</u>

1.      If Debtor does not receive immediate relief, then Debtor will not have funds to operate or pay expenses, thereby resulting in immediate and irreparable harm to the value of Debtor's business.  Debtor is attempting to obtain the consent of creditors with an interest in cash collateral; however, Debtor is uncertain if such consent can be obtained on an expedited basis. The request for this emergency hearing is not the result of the Debtor's or counsel's procrastination or lack of attention.  Debtor requests a hearing as soon as possible as many of Debtor's obligations are due before the end of the month. Debtor estimates that a preliminary hearing of this Motion will require approximately fifteen (15) minutes.

1

<u>Jurisdiction and Venue</u>

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>Background</u>

4.      On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      The Debtor is operating its business and managing its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      For a detailed description of the Debtor and its affiliates operations, the Debtor respectfully refers the Court and parties-in-interest to its Case Management Summary.

<u>Description of the Debtor's Business, Creditors, and Cash Collateral</u>

7.      Debtor is a plumbing services provider in Clermont who is an affiliate of the main Debtor Progressive Plumbing, Inc. ("PPI"), which has been in business since 1985.  Debtor's role is as a service provider to its many commercial customers, and includes emergency late night service calls.  Debtor itself has 14 employees and multiple service agreements which agreements continue to provide for Debtor's current and future cash flow.

8.      PPI and Debtor's other affiliate Gracious Living Design Center, Inc. ("GLD"), also owns real property upon which its business and headquarters are located.  Debtor, however, owns no real property.

9.      Subject to defenses and offsets, the following creditors may assert claims secured by a lien against Debtor's cash collateral:

            a.      First Green Bank ("FGB") based on a mortgage in the approximate

amount of $1,012,000.00 and a line of credit in the approximate amount of $494,000.00. FGB's interest appears to be limited to accounts receivable generated by the real property owned by Debtor's affiliates PPI and GLD.

        b.     Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company ("Darwin," and together with FGB, the "Creditors") based on a General Indemnity Agreement in the approximate amount of $750,000.00. Darwin, however, has only a limited interest in cash collateral as its security interest only reaches to cash generated by jobs on which Darwin is the surety, and **Darwin is a surety on none of Debtor's jobs**. Furthermore, Darwin's security interest in cash collateral was not properly perfected until August 6, 2015 (if it even was then), when it corrected an incorrect and misleading financing statement, and therefore Darwin's perfection is a preference and its security interest can and will be avoided under the Debtor's strong arm powers. Further, Darwin's financing statement uses the wrong name for Debtor. Therefore, Darwin's interest in cash collateral, if any, is temporary.

     10.     The cash collateral, if there is any cash which is collateral, that the Debtor seeks to use is comprised of cash on hand and funds to be received through the continued payments on jobs from general contractors.

     11.     Debtor is merely a guarantor of the debts owed to Creditors, and files this Motion merely as a precaution as there appears to be limited if any cash which is collateral for the Creditors.

     12.     As of the Petition Date, the Debtor estimates the value of its potential cash collateral, consisting of cash on hand, is approximately $10,000, while the value of the collateral

3

held by the Creditors and owned by PPI and GLD consists of real property collateral of approximately $2,100,000.00, tangible personal property collateral of approximately $600,000.00, and accounts receivable collateral of approximately $1,500,000.00.

<u>Relief Requested and Adequate Protection</u>

13.     The Debtor will require the use of approximately $180,114.50 of cash to continue to operate its business for the next six weeks and an additional $132,289.50 of cash to continue to operate its business until the end of October, and, depending on the month, a greater and lesser amount will be required each comparable period thereafter.

14.     The Debtor will use cash collateral to make payroll, pay utilities, pay suppliers and vendors, and pay other ordinary course expenses to maintain its business and order additional inventory that may be subject to a creditors' lien.

15.     A budget showing estimated income and expenses for the Debtor's business through October is attached hereto as **Exhibit B**.

16.     Debtor projects that the business can be operated on a profitable basis such that in the ordinary course of business more cash collateral will be generated than used, if any is used at all.  Use of the cash collateral provides Debtor with a reasonable opportunity for reorganization under chapter 11 which will maximize the value of its assets.

17.     As adequate protection to FGB, Debtor proposes to continue making its monthly payment amount of $6,800.00 on the mortgage loan (split with PPI) and $2,550.00 on its line of credit (also split).

18.     As additional adequate protection, Debtor proposes to grant to the Creditors replacement liens to the extent of any diminution in value, with such liens to have the same validity, extent, and priority as their respective prepetition liens.

4

19.    The Debtor further submits that the Creditors are all adequately protected by a substantial equity cushion in the collateral posted by PPI and GLD.

20.    The interests of the Creditors will be further adequately protected by: (i) standard reporting requirements; (ii) continued maintenance of the Debtor's assets; and (iii) increased value of the Debtor's assets as a result of reorganization.

21.    If the Debtor is not permitted to use cash collateral, it will be forced to halt operations which will result in the loss of the going concern value of the business, the inability of the Debtor to continue operations, and will jeopardize the Debtor's efforts to reorganize.

Basis for Relief

22.    Section 363(c)(2) provides that a debtor in possession may not use cash collateral unless an entity that has an interest in such cash collateral consents or the Court approves the use.

23.    Section 363(o) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and the debtor in possession has the burden of proof on the issue of adequate protection.

24.    Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral earlier than 15 days after service of the motion, but may authorize the use of cash collateral prior to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

25.    Section 361 of the Bankruptcy Code provides examples of adequate protection, which include "replacement liens," "periodic cash payments," and other measures which provide an "indubitable equivalent."

26.    The focus of adequate protection is to protect the secured creditor from any decline

in value of its collateral during the bankruptcy period. *See In re Delta Resources, Inc.*, 54 F.3d 722, 730 (11th Cir. 1995)(stating that adequate protection "encompasses the decline in value of the collateral only, rather than perpetuating the ratio of the collateral to the debt").

27.     "In some cases, the existence of a sufficiently large equity cushion is sufficient in and of itself to provide adequate protection for an oversecured creditor." *In re O'Quinn*, 98 B.R. 86, 89 (Bankr. M.D. Fla. 1989).

28.     As stated above, Debtor is providing multiple forms of adequate protection for the Creditors and is therefore entitled to use cash collateral.

29.     Nothing contained herein is intended or should be construed as: (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to Section 365.

WHEREFORE, the Debtor respectfully requests entry of an order, in the form attached hereto as **Exhibit A**, authorizing the continued use of cash collateral, setting an emergency preliminary hearing as soon as possible, and granting such other and further relief as is just and equitable.

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

U.S. Mail and/or CM/ECF to all creditors listed on the attached mailing matrix this 24th day of

August, 2015.

/s/ Michael A. Nardella
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
250 East Colonial Drive, Suite 102
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com

Proposed Counsel for Debtors

and

/s/ Roman V. Hammes
Roman V. Hammes, Esq.
Florida Bar No. 087250
Roman V. Hammes, P.L.
250 East Colonial Drive, Suite 305
Orlando, FL 32801
(407) 650-0003
roman@romanvhammes.com

Proposed Counsel for Debtors

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

PROGRESSIVE PLUMBING, INC.,

Chapter 11
Case No.:

PROGRESSIVE SERVICES, LLC, and
GRACIOUS LIVING DESIGN
CENTER, INC.

Jointly Administered with
Case No.:
Case No.:

Debtors.
_____/

**FIRST INTERIM ORDER GRANTING DEBTOR'S MOTION TO USE
CASH COLLATERAL AND NOTICE OF CONTINUED HEARING**

**THIS CASE** came on for an emergency preliminary hearing on August __, 2015 (the

"Hearing") upon the Emergency Motion to Use Cash Collateral filed by Progressive Services, LLC

(the "Debtor"), filed on August 24, 2015 (Doc. No. __) (the "Motion").  The Motion seeks

authority to use cash collateral and to provide adequate protection to First Green Bank ("FGB")

and Allied World Specialty Insurance Company f/k/a Darwin National Assurance Company

("Darwin") on an interim basis.  Upon consideration of the Motion, the evidence presented, and

the positions of the parties at the Hearing, it is

8

**ORDERED:**

1.      <u>Interim Authorization Granted</u>.  The Motion is granted on an interim basis as provided herein, subject to the right of any party in interest to petition the Court for reconsideration of this Order at any time prior to the confirmation of any plan of reorganization of the Debtor.

2.      <u>Cash Collateral Authorization</u>.  Subject to the provisions of this order, the Debtor is authorized to use cash collateral to pay: (a) amounts expressly authorized by this Court, including payments to the United States Trustee for quarterly fees; (b) the current and necessary expenses set forth in the budget attached as **<u>Exhibit A</u>** attached hereto, plus an amount not to exceed ten percent (10%) for each line item (provided no amount shall be disbursed for pre-petition sales tax, absent proper application and entry of an order by the Court); and (c) such additional amounts as may be expressly approved in writing by FGB and/or Darwin (collectively, the "Creditors"), to the extent such Creditor has an interest in such cash collateral.  This authorization will continue until the effective date of any confirmed plan of reorganization of the Debtor, or until further order of this Court.  Except as authorized in this order, the Debtor is prohibited from use of cash collateral.

3.      <u>Debtor Obligations</u>.  The Debtor shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.

4.      <u>Access to Records and Premises</u>.  Upon reasonable notice, and provided that it does not unreasonably interfere with the business of the Debtor, the Debtor shall grant the Creditors access to the Debtor's business records and premises for inspection.

5.      <u>Replacement Lien</u>.  The Creditors shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as its respective

prepetition liens, without the need to file or execute any document as may otherwise be required under applicable nonbankruptcy law.

6.    <u>Insurance</u>.  The Debtor shall maintain all its insurances including liability and casualty insurance coverage in accordance with state law and its obligations under the agreements with its Creditors.

7.    <u>Without Prejudice</u>.  This Order is without prejudice to: (a) any subsequent request by a party-in-interest for modified adequate protection or restrictions on use of cash collateral; or (b) any other right or remedy which may be available to the Creditors.

8.    <u>Creditors Committee</u>.  The provisions of this Order are without prejudice to the rights of the United States Trustee to appoint a committee or any rights of a duly-appointed committee to challenge the validity, priority, or extent of any lien(s) asserted against cash collateral.

9.    <u>Enforcement</u>.  The Court shall retain jurisdiction to enforce the terms of this Order.

10.    <u>Adequate Protection Payments to FGB</u>.  As additional protection for the Bank's interest in the cash collateral, the Debtor shall make monthly payments in the amount of $2,500.00 on the mortgage loan (split with affiliate Debtor PPI) and $450.00 on its line of credit (also split) to FGB up to the effective date of any confirmed plan of reorganization of the Debtor.  The monthly payments shall be applied by FGB as provided for in its loan documents.

11.    <u>Continued Hearing</u>.  The hearing on this Motion is continued to _____ ___, 2015, at _____ a.m./p.m.


Attorney Michael Nardella is directed to serve a copy of this order on interested who are non-CM/ECF users parties and file a proof of service within 3 days of entry of the order.

**Exhibit B**

Budget Through October

# Progressive Services LLC

| | 8/24-8/30 | 8/31-9/6 | 9/7-9/13 | 9/14-9/20 | 9/21-9/27 | 9/28-10/4 | 10/5-10/11 | 10/12-10/18 | 10/19-10/25 | 10/26-11/01 |
|---|---|---|---|---|---|---|---|---|---|---|
| **Income** | 30,000.00 | 40,000.00 | 40,000.00 | 40,000.00 | 40,000.00 | 40,000.00 | 40,000.00 | 40,000.00 | 40,000.00 | 40,000.00 |
| **G & A Expenses** | | | | | | | | | | |
| First Green Bank Mortgage | - | 2,500.00 | | | | | 2,500.00 | | | |
| First Green Bank LOC | 450.00 | 4,500.00 | | | | | 4,500.00 | | | |
| USB Loan | 1,500.00 | 1,500.00 | | | | | 1,500.00 | | | |
| Payroll | 16,250.00 | 16,250.00 | 16,250.00 | 16,250.00 | 16,250.00 | 16,250.00 | 16,250.00 | 16,250.00 | 16,250.00 | 16,250.00 |
| Material | | | | | | | | | | |
| Subcontractor | | 7,500.00 | 7,500.00 | 7,500.00 | 7,500.00 | 7,500.00 | 7,500.00 | 7,500.00 | 7,500.00 | 10,000.00 |
| Equipment Rental | | 1,150.00 | 1,150.00 | 1,150.00 | 1,150.00 | 1,150.00 | 1,150.00 | 1,150.00 | 1,150.00 | 1,150.00 |
| Fuel Bill | | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 |
| Auto Repair and Maintenance | | 250.00 | 250.00 | 6,000.00 | 250.00 | 250.00 | 250.00 | 250.00 | 6,000.00 | 250.00 |
| Equipment Repair and Maintenance | | 175.00 | 175.00 | 250.00 | 175.00 | 175.00 | 175.00 | 175.00 | 250.00 | 175.00 |
| Service Charges | | 100.00 | 100.00 | 175.00 | 100.00 | 100.00 | 100.00 | 100.00 | 175.00 | 100.00 |
| Cellular Bill | | | 2,100.00 | 100.00 | | | | 2,100.00 | 100.00 | |
| Phone | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Electrical | | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 | 175.00 |
| Water, Sewer and Trash | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Computer Software Maintenance | | | | | | 800.00 | | | | |
| Computer Supplies and Expenses | | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Postage | | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 |
| General Liability & Auto | | | | 3,700.00 | | | | | 3,700.00 | |
| Truck Payments | | | | 1,900.00 | | | | | 1,900.00 | |
| Dental and Life Insurance | 300.00 | | | 539.50 | | | | | 539.50 | |
| GPS | | | | | | | | | | |
| Office Repair and Maintenance | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Health Insurance | 2,500.00 | 600.00 | | | | | 600.00 | | | |
| Uniform | | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Tools | | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 |
| Drug Testing | | | | | | | | | | |
| Office Supplies | | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 |
| Training | | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 | 60.00 |
| Legal Fees | | | | | | 400.00 | | | | |
| Professional Services | | | | | | 1,500.00 | | | | |
| | 21,000.00 | 35,715.00 | 28,715.00 | 38,754.50 | 26,615.00 | 29,315.00 | 35,715.00 | 28,715.00 | 38,754.50 | 29,115.00 |
| **Net** | 9,000.00 | 4,285.00 | 11,285.00 | 1,245.50 | 13,385.00 | 10,685.00 | 4,285.00 | 11,285.00 | 1,245.50 | 10,885.00 |